IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **KIMBERLY D. HOGAN** | § |
| | § |
| **Plaintiff,** | § |
| V. | § |
| | §  A-21-CV-892-RP |
| **ASPIRE FINANCIAL, INC., D/B/A** | § |
| **ASPIRE LENDING, ET AL.** | § |
| **Defendants.** | |

ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the court are Plaintiff Kimberly D. Hogan's Application to Proceed *In Forma Pauperis* (Dkt. #2) and Applications for Permission to File Electronically (Dkt. #3, Dkt. #6).[1] Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

### I.   REQUEST TO PROCEED *IN FORMA PAUPERIS*

The court has reviewed Hogan's financial affidavit and determined Hogan is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Hogan's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Hogan is further advised, although she has been granted leave to proceed *in forma*

---

[1] The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

*pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Hogan's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  REVIEW OF THE MERITS OF THE CLAIM

Because Hogan has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808

F.2d 358, 359 (5th Cir. 1986). Even under this liberal construction, however, Hogan's Complaint fails to assert a colorable claim.

### A. Factual Background

Hogan's Complaint appears to be predicated on the results of a mortgage fraud suit against Defendant Aspire Financial, Inc. which was previously adjudicated at the state court level. Dkt. #1 at 2, 5. Although her exact claims are difficult to discern, Hogan's Complaint contains numerous allegations against the 162nd Civil District Court of Dallas County, the Fifth District Court of Appeals, and the Texas Supreme Court, including that the courts "unlawfully removed, extricated evidence and exhibits from the record," and "stripped [Hogan] of [her] 14th Amendment rights." Dkt. #1 at 7. Furthermore, Hogan alleges that the state courts engaged in "fraudulent entry of fraudulent judgment," and suggests that the judges involved may have had financial interests at stake, and thus denied Hogan a fair and impartial trial. *Id*. at 4, 10. Hogan concludes by seeking "one million in REAL money (silver or gold) per year of [her] time doing battle against Aspire and the Lower Courts Frauds." *Id*. at 11 (emphasis in original).

### B. Discussion

The *Rooker-Feldman* doctrine applies to "cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced [4] and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman* "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Even constitutional questions arising in state trial court decisions should "be reviewed and corrected by

the appropriate state appellate court," and may only be considered at the federal level under "an application for a writ of certiorari to the United States Supreme Court." *Id.* The Fifth Circuit has repeatedly upheld the application of the *Rooker-Feldman* doctrine to federal claims based on state district court decisions. *See Kam v. Dallas Cty.,* 756 F. App'x 455, 455-56 (5th Cir. 2019) (applying *Rooker-Feldman* to a federal claim based on the result of a will-contest suit in state probate court); *Salinas v. U.S. Bank Nat'l Ass'n*, 585 F. App'x 866, 866-67 (5th Cir. 2014) (applying *Rooker-Feldman* to a federal claim based on a judgment in state bankruptcy court).

Based on the pleadings and exhibits, Hogan is clearly the losing party in a state court action against Aspire Financial, which terminated in a summary judgment on March 7, 2019. *See Hogan v. Aspire Financial, Inc. d/b/a Aspires Lending*, 162nd Judicial District Court, Dallas County, Cause No. DC-18-01806. Because the federal complaint in this case implicates an injury caused by a prior state court judgment, and essentially seeks review and rejection of that judgment, Hogan's Complaint is a collateral attack on a state court judgment and, therefore, is barred under the *Rooker-Feldman* doctrine. Considering this fact, the Complaint is based on a meritless legal theory and must be dismissed as frivolous under 28 U.S.C. § 1915(e).

**III.    MOTIONS FOR PERMISSION FOR ELECTRONIC CASE FILING**

Also before the court are Hogan's Motions for Permission for Electronic Case Filing (Dkt. #3, Dkt. #6). The court, assuming that the Hogan will not abuse this privilege, **GRANTS** these motions and **ORDERS** the Clerk's office to take whatever administrative actions are needed to allow Hogan to begin filing documents electronically in this case only. If Hogan should retain an attorney, the attorney must advise the Clerk to terminate Hogan's registration as a filing user upon the attorney's appearance. The court further informs Hogan that she must separately register as a CM/ECF user and further information can be found at https://www.txwd.uscourts.gov/cmecf/.

### IV.     ORDER AND RECOMMENDATIONS

The Magistrate Court hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #2).  The Magistrate Court further **GRANTS** Plaintiff's Motions for Permission for Electronic Case Filing (Dkt. #3, Dkt. #6).

The Magistrate Court **RECOMMENDS** the District Court **DISMISS** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Court should now be canceled.

### V.     WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED March 28, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE